**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ISMAEL D. ORTEGA, JR.,**

                  **Plaintiff,**

      **v.**                                            **CASE NO. 20-3228-SAC**

**JOHN FIRTTI,**

                  **Defendant.**

### ORDER TO SHOW CAUSE

This matter is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee at the Seward County Detention Center, proceeds pro se. The Court has conducted an initial review of the complaint, as required by 28 U.S.C. § 1915A, and enters the following order to show cause.

### Nature of the Complaint

Plaintiff complains the defendant, an Oklahoma City police detective, improperly arrested him and placed him in the jail.[1] The complaint shows that plaintiff is held in Case No. 2020-CR-000209, and a review of on-line records for the state district courts shows this matter remains pending. The Court liberally construes the complaint to seek relief from the pending criminal charges.

### Screening Requirement

The Prison Litigation Reform Act requires a federal court to review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a

---

[1] The complaint also includes statements concerning the food at the jail and abusive conduct there. However, because these conditions are not attributable to the sole defendant, the Court finds no basis to allow plaintiff to proceed on them in this matter.

plaintiff proceeds *in forma pauperis.* 28 U.S.C. § 1915A(a). Following this review, the Court must dismiss the complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

## Standard for Dismissal

Under 28 U.S.C. § 1915A(b)(1), the dismissal of a complaint is proper where the action is frivolous or malicious or fails to state a claim upon which relief may be granted. Generally, the Court must accept the claims as true and construe them, and any reasonable inferences supported by them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court must liberally construe a pro se party's pleadings. *Id.* at 1218.

## Analysis

Plaintiff's request for relief from his pending criminal action is barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine furthers "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Ordinarily, the *Younger* abstention doctrine requires a federal court to abstain where (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to consider the claim presented in the federal complaint; and (3) the state proceedings implicate important state interests. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar*

*Ass'n*, 457 U.S. 423, 432 (1982). When the doctrine applies, the federal court should dismiss the federal action in favor of the ongoing state proceeding. *Weitzel*, 240 F.3d at 875.

In this case, the first condition is satisfied because the state criminal proceedings against the plaintiff are ongoing. The second condition also is met because the State of Kansas has an important interest in the enforcement of its criminal laws through proceedings in the state courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.")(citing *Younger*, 401 U.S. at 44). The third condition also is met because the Kansas state courts provide plaintiff with a forum to present his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, by appellate and post-conviction remedies. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). For these reasons, the Court finds the complaint is subject to dismissal.

### Order to Show Cause

Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Court directs plaintiff to show cause why this matter should not be dismissed. If plaintiff fails to file a timely response, this matter may be dismissed for the reasons set forth without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted to and including **October 16, 2020,** to show cause why his complaint

should not be dismissed for the reasons given in this order.

**IT IS SO ORDERED.**

DATED:  This 16th day of September, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg